UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN FAVIS,<br><br>   Plaintiff,<br><br>   v.<br><br>O-FILM GLOBAL (HK) TRADING LIMITED, A CORPORATION UNDER THE LAWS OF HONG KONG, et al.,<br><br>   Defendants. | No. 2:25-cv-1082-DAD-SCR<br><br>ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS |

Plaintiff is proceeding pro se in this matter, which is accordingly referred to the undersigned by Local Rule 302(c)(21). Before the Court is Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") and the affidavit required by that statute. ECF No. 2; *see* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees).

The motion makes an insufficient showing to proceed IFP. The Ninth Circuit has recognized "[o]ne need not be absolutely destitute to obtain benefits" of the IFP statute. *Esobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation omitted). However, "a plaintiff seeking IFP status must allege poverty with some particularity, definiteness, and certainty." *Id.* (internal citation and quotation omitted).

////

1

1    The current application contains a meaningful omission.  Plaintiff states that he receives
2    $3,649 in income from real property, yet he lists no assets.  ECF No. 2 at 1-2.  It seems
3    implausible that Plaintiff receives $3,649 in income from real property yet lists no real property
4    as an asset.
5    Moreover, it appears that Plaintiff could pay the filing fee in this case.  Plaintiff states his
6    monthly expenses are $2,319, so his monthly income exceeds his monthly expenses by $1,330.
7    *Id*. at 4-5.  The filing fee is only $405.
8    Plaintiff does state in the application that he is in bankruptcy proceedings and references
9    Case No. 25-20501.  *Id*. at 5.  A court may independently take judicial notice of facts that are not
10   subject to reasonable dispute because they can be "accurately and readily determined from
11   sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. §§ 201(b)(2), (c).  The
12   Court takes judicial notice of Case No. 25-20501, filed in the United States Bankruptcy Court for
13   the Eastern District of California on February 4, 2025.
14   Plaintiff listed $4 million worth of real property among his assets in that case.  Summary
15   Assets and Liabilities for Non-Individuals at 1, *In re Stephen Donald Favis* (No. 25-20501), ECF
16   No.27 at 1.  Plaintiff also reported owning three vehicles.  *Id*. at 3-4.  This income and these
17   assets were reported on bankruptcy schedules and signed under penalty of perjury, yet all were
18   omitted from the motion to proceed IFP in this case.
19   Plaintiff's application to proceed *in forma pauperis* fails to demonstrate any financial
20   burden or inability to pay filing fees in this action.
21   Accordingly, **IT IS HEREBY ORDERED** that:
22   1. Plaintiff's application to proceed IFP (ECF No. 2) is DENIED.
23   2. Plaintiff shall pay the filing fee within 30 days of the date of this Order.
24   3. Alternatively, Plaintiff may file, within 30 days, a renewed application to proceed IFP to
25      address the deficiencies set forth herein.
26   ////
27   ////
28   ////

4. If Plaintiff does not pay the filing fee or file a renewed motion for IFP within 30 days, the Court will recommend that this action claims be DISMISSED.

DATED: August 29, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE